IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>GONNELLA BAKING CO.,<br><br>    Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and to provide appropriate relief to an individual who was adversely affected by such practices ("Aggrieved Individual"). The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Gonnella Baking Co. ("Defendant" or "Gonnella") discriminated against the Aggrieved Individual by subjecting him to race harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, in the Eastern Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a corporation doing business in Illinois.

5. At all relevant times, Defendant has had at least fifteen (15) employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, a charge of discrimination (EEOC Charge No. 440-2014-00492) was filed with the Commission alleging that Defendant violated Title VII by subjecting the Aggrieved Individual to, among other things, unlawful harassment because of his race.

8. On May 16, 2014, the EEOC issued to Defendant a letter of determination finding that there is reasonable cause to believe that Defendant discriminated against the Aggrieved Individual and other employees because of their race, in violation of Title VII, by subjecting them to a racially hostile work environment, and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the letter of determination.

10. Thereafter, the EEOC determined that it was unable to secure from Defendant a conciliation agreement acceptable to the EEOC, and on April 29, 2015, issued to Defendant a notice of failure of conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

12. Since at least 2012, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These practices include, but are not limited to:

    a) failing to take prompt and effective action to remedy racial harassment, about which Defendant knew or should have known, either because of employee complaints or because of its open and widespread nature (or both); and

    b) subjecting the Aggrieved Individual to racial harassment in 2012 and 2013 at Defendant's Aurora, Illinois baking facility, by several of Defendant's employees, including offensive and unwelcome comments of a racial nature and/or motivated by race.

13. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of race;

      B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race and which eradicate the effects of its past and present unlawful practices;

      C.      Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

      D.      Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

      E.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      F.      Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: June 3, 2015                              Respectfully submitted,

                              P. DAVID. LOPEZ
                              General Counsel

                              JAMES L. LEE
                              Deputy General Counsel

                              GWENDOLYN YOUNG REAMS
                              Associate General Counsel

                              U.S. Equal Employment Opportunity Commission
                              131 M. Street, N.E.
                              Washington, D.C. 20507


                              JOHN C. HENDRICKSON
                              Regional Attorney

                              GREGORY M. GOCHANOUR
                              Supervisory Trial Attorney

                              BRADLEY FIORITO
                              Trial Attorney

                               s/ Justin Mulaire
                              JUSTIN MULAIRE
                              Trial Attorney

                              U.S. Equal Employment Opportunity Commission
                              Chicago District Office
                              500 West Madison Street, Suite 2000
                              Chicago, Illinois 60661
                              (312) 869-8045
                              justin.mulaire@eeoc.gov