IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 15-cv-4892 |
| v. | Judge Coleman |
| GONNELLA BAKING CO., | Magistrate Judge Cox |
| Defendant. | |

## CONSENT DECREE

### THE LITIGATION

1.     Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action

alleging that Gonnella Baking Co. engaged in unlawful employment practices, in violation of

Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), when it subjected Paul

Belton ("Belton") to racial harassment.

2.     In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the EEOC and Gonnella have agreed that this action

should be fully and finally resolved by entry of this Consent Decree ("Decree"). Each party

agrees that this Decree is not an admission of the claims or defenses of the other party.

3.     This Decree fully and finally resolves any and all issues and claims arising out of the

Complaint filed by the EEOC or the Letter of Determination. This Decree shall be binding on the

EEOC and Gonnella.

1

## FINDINGS

4.      Having carefully examined the terms and provisions of this Decree, and based on the

pleadings, record, and stipulations of the parties, the Court finds that:

        (a)      This Court has jurisdiction over the subject matter of this action and the parties;

        (b)      The terms of this Decree are adequate, fair, reasonable, equitable, and just;

        (c)      The rights of the EEOC, Belton, Gonnella, and the public interest are adequately protected by this Decree;

        (d)      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

        (e)      Entry of this Decree will further the objectives of Title VII and will be in the best interests of the EEOC, Belton, Gonnella, and the public interest.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

### INJUNCTION AGAINST HARASSMENT AND RETALIATION

5.      Gonnella is enjoined from: (1) subjecting any employee at Gonnella's Aurora facility to

harassment on the basis of race or color in violation of Title VII and (2) engaging in any form of

retaliation against any person because such person has opposed harassment on the basis of race

or color, filed a charge of discrimination alleging harassment on the basis of race or color,

testified or participated in any manner in any investigation, proceeding, or hearing regarding

harassment on the basis of race or color, or asserted any rights under this Decree.

6.      Gonnella understands that the prohibition against racial harassment imposed by both

Title VII and by this Decree is not limited to harassment on the basis of race or color carried out

by managerial employees of Gonnella, but rather encompasses race or color harassment from any

source, including comments or acts by employees (whether managerial or nonmanagerial),

independent contractors, customers, or other persons.

2

## MONETARY RELIEF

7.      Subject to the terms and conditions of this Decree, Gonnella shall make payment ("Payment") to Belton in the following amount:

Compensatory Damages: $30,000.

This Payment is for garden-variety emotional distress and is not considered wages. This Payment shall be reflected on an IRS form 1099.

8.      No later than ten (10) business days after the later of entry of this Decree and receipt by Gonnella of a copy of a Release Agreement executed by Belton in the form set forth in Exhibit A to this Decree, Gonnella shall issue and mail to Belton, by Certified Mail, a check for the Payment to which Belton is entitled under Paragraph 7. Contemporaneously, Gonnella shall submit a copy of that check to the EEOC. If any portion of the Payment is not mailed to Belton within the ten (10) business day period ("Unpaid Amount"), then for each business day beyond the tenth business day that such portion remains unpaid, Gonnella shall pay to Belton, in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the Unpaid Amount.

## ANTI-DISCRIMINATION POLICY

9.      Gonnella has adopted and shall maintain, in writing, a policy against employment discrimination ("Policy"). The Policy has been reviewed by the EEOC in advance of the entry of this Decree. Gonnella shall provide a copy of the Policy to all employees at the Aurora facility no later than ten (10) business days after entry of this Decree and to all new employees at the Aurora facility at the time they are hired.

10.      When Gonnella provides a copy of its Policy to an employee pursuant to Paragraph 9, it shall do so along with a cover letter, signed by Gonnella's President, affirming in plain language

3

Gonnella's commitment to maintaining a workplace that is free from unwelcome harassment. The letter has been reviewed by the EEOC in advance of the entry of this Decree.

11.     No later than ten (10) business days after entry of this Decree, Gonnella shall post the Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by Gonnella for posting legal notices concerning employee rights. The Policy shall remain posted in this manner for the term of the Decree.

## TRAINING

12.     No later than sixty (60) calendar days after entry of this Decree, all Gonnella employees at Gonnella's Aurora facility shall participate in a training session designed to prevent unwelcome harassment and promote civility in the workplace, as well as to familiarize employees with the laws pertaining to employment discrimination, including the obligations of employers under Title VII. The materials for the training session have been presented to the EEOC prior to the entry of this Decree.

13.     The training shall be presented by Michael Best & Friedrich LLP. Gonnella shall repeat this training at least once every twelve (12) months for the duration of the Decree, within ninety (90) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

14.     No later than fifteen (15) business days after each training session described in Paragraph 12 above, takes place, Gonnella shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date and location of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person

4

trained, (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all presentations, pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session (other than those already reviewed by EEOC at the time of the entry of this Decree).

## MANAGEMENT PRACTICES

15.     No later than sixty (60) calendar days after entry of this Decree, Gonnella shall provide to its management employees a policy statement describing managers' responsibilities to prevent harassment in the workplace and that these responsibilities will be considered as one factor in determining managers' compensation. This policy statement has been provided to the EEOC in advance of the entry of this decree.

16.     No later than ninety (90) calendar days of the entry of this Decree, Gonnella shall report to the EEOC its compliance with Paragraph 15 of this Decree.

## POSTING AND DISTRIBUTION OF NOTICE

17.     No later than five (5) business days after entry of this Decree, Gonnella shall post a copy of the Notice attached as Exhibit B to this Decree on a bulletin board or other physical space at Gonnella's Aurora facility that is regularly used by Gonnella for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. Gonnella shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

18.     No later than fifteen (15) business days after entry of this Decree, Gonnella shall certify to EEOC in writing that the Notice has been properly posted in accordance with Paragraph 17.

## RECORD KEEPING AND INSPECTION

19.     During the term of this Decree, Gonnella shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee at Gonnella's Aurora facility of harassment based on race or color or retaliation prohibited by this Decree in Paragraph 5. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report; (b) the date of the complaint or report; (c) a written summary of what was alleged in the complaint or report; (d) a written summary of the resolution or outcome of the complaint or report; and (e) if the complaint or report was made in written form, a copy thereof.

20.     Gonnella shall permit a representative of the EEOC to enter Gonnella's premises on three (3) business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree, provided, however, that the EEOC may enter Gonnella's premises without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirements of Paragraphs 11 and 17.

## REPORTING

21.     Gonnella shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due within thirty (30) calendar days following six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due within thirty (30) calendar days following every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain copies of

6

all records described in Paragraph 19, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Gonnella that no complaints or reports of discrimination were received during that period.

## DISPUTE RESOLUTION

22.     If during the term of this Decree either party to the Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

23.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of eighteen (18) months immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 22, above, remain unresolved, the Court will retain jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

24.    Each party shall bear its own expenses, attorneys' fees, and costs.

25.    The parties consent to Magistrate Judge Cox's jurisdiction over this case, including the entry and enforcement of this Decree.

26.    The terms of this Decree are and shall be binding on Gonnella and the EEOC. Prior to any sale or other transfer of Gonnella's business or sale or other transfer or all or a substantial portion of Gonnella's assets, Gonnella shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

27.    Gonnella agrees that it will not condition the receipt of monetary relief on the agreement of the charging party to: (a) maintain as confidential the facts and/or allegations underlying the charge, his complaints and the terms of this Decree; (b) waive any statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Gonnella or any successor of Gonnella; or (d) agree to a non-disparagement and/or confidentiality agreement

28.    When this Decree requires a certification by Gonnella of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Gonnella. When this Decree requires the submission by Gonnella of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Gonnella Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Ste. 2000, Chicago, IL 60661.

SO ORDERED, ADJUDGED, and DECREED on this ___ day of _____ 2016.

By the Court:

8

_____
The Hon. Susan E. Cox
United States Magistrate Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8000

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
BRADLEY FIORITO
Trial Attorney

_____
JUSTIN MULAIRE
Trial Attorney

For GONNELLA BAKING CO.

_____
NICHOLAS MARCUCCI
President
Gonnella Baking Co.
1117 East Wiley Road
Schaumburg, IL 60173

9

# EXHIBIT A

## RELEASE AGREEMENT

In consideration of $30,000 to be paid to me by Gonnella, Inc. in connection with the resolution of

EEOC v. Gonnella Baking Co., Case No. 15-cv-4892 (N.D. Ill.), I waive my right to recover for any

claims of employment discrimination arising under Title VII of the Civil Rights Act of 1964 that I had

against Gonnella on or before the date of this release and that were included in the claims in EEOC's

complaint in EEOC v. Gonnella and in my charge filed with the EEOC against Gonnella.


Signed: _____          Date: _____
          Paul Belton

# EXHIBIT B

## NOTICE TO GONNELLA EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in EEOC v. Gonnella Baking Co., Case No. 15-cv-4892 (N.D.Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Gonnella.

In this lawsuit, the EEOC alleged that Gonnella violated Title VII of the Civil Rights Act of 1964 (Title VII) by subjecting an employee to racial harassment. To resolve this case, EEOC and Gonnella have entered into a Consent Decree. Each party agrees that this Decree is not an admission of the claims or defenses of the other party.

The Consent Decree entered by EEOC and Gonnella requires among other things, that:

1. Gonnella will pay the affected employee a monetary amount in damages;

2. The company will not allow any employee at its Aurora facility to be harassed based on race or color as prohibited by Title VII;

3. The company will not retaliate against anyone for making a report or complaint about unlawful harassment based on race or color, filing a charge of discrimination alleging harassment based on race or color or retaliation, or for participating in any way in a proceeding under Title VII involving race or color harassment.

4. The company will distribute to its employees at its Aurora facility its policy against discrimination and harassment and provide training for all employees at the Aurora facility about the policy, the requirements of Title VII, and the prevention of harassment in the workplace.

Gonnella states that it: (a) is committed to providing a work environment where its employees can be successful, and (b) encourages all employees who witness harassment or who are subjected to harassment to report that harassment to a manager or human resources.

EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including pregnancy, gender identity, and sexual orientation), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov.

If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for eighteen (18) months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Gonnella Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

| _____ | _____ |
| Date | United States Magistrate Judge Susan E. Cox |